UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARVIN ANTONIO SUTTON, JR. ,**

      **Plaintiff,**

v.                                                  Case No:   6:20-cv-190-Orl-18EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss ("the Motion"). (Doc. 11.) Upon consideration, I respectfully recommend that the Motion be Granted.

### I.    BACKGROUND

Plaintiff Marvin Antonio Sutton, Jr., instituted this action against the Commissioner of Social Security in the County Court of the Seventh Judicial Circuit in and for Volusia County, Florida, on December 30, 2019. (Doc. 1-1.) Therein, Sutton sought $5,000. (*Id.* at 6.)

Upon removal, the Court ordered Plaintiff to complete and file the form "Review of a Social Security Disability of Supplemental Security Income Decision" because the original Complaint "appear[ed] to be deficient." (Doc. 6 at 1.) Plaintiff timely filed the completed "Review of a Social Security Disability of Supplemental Security Income Decision," which operates as the Amended Complaint. (Doc. 10.) When prompted to indicate the statement of claim, Plaintiff checked the options alleging a lack of substantial evidence and the Commissioner's decision was based on a legal error. (Doc. 10 at 3.) Plaintiff identified the legal errors as "(Investigate) Missing Deposits and transactions." (*Id.*) Plaintiff did not specify the relief sought and selected the option to ask this Court to "[g]rant any further relief as may be just and proper under the circumstances

of this case." (*Id.*)

The Commissioner filed the instant Motion to Dismiss the Amended Complaint, alleging that the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and that Plaintiff failed to state a claim pursuant to Rule 12(b)(6). (Doc. 11 at 2.) Plaintiff has neither responded to the Motion nor requested leave to file a second amended complaint.

**II.    STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows for the dismissal of claims for lack of subject matter jurisdiction. Parties either facially or factually attack subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Facial attacks are those that "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true . . . ." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). When a party offers a facial attack, they seek to challenge the adequacy of the complaint itself. *Id.* With factual attacks, the court may consider evidence and "satisfy itself as to the existence of its power to hear the case." *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to properly "state a claim upon which relief can be granted." Claims must have certain elements in order to survive Rule 12(b)(6) challenges. Federal Rule of Civil Procedure 8(a) requires a pleading to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). All complaints must state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "[D]etailed factual allegations" are not required in the complaint, but there must be sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 555, 570. Furthermore, "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The reviewing court must rely on its experience and common sense to determine whether a complaint states a plausible claim. *Twombly*, 550 U.S. at 556.

### III. DISCUSSION

The Commissioner argues that the United States has not waived its sovereign immunity over this claim, which would bar Plaintiff from bringing this action. (Doc. 11 at 4.) "[A]bsent a waiver, sovereign immunity shields the Federal [g]overnment and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, except in the limited circumstances in which it has waived sovereign immunity, the Commissioner is shielded from suit.

Pertinent to this case, the Social Security Act creates a limited waiver in 42 U.S.C. § 405(g), which allows individuals to pursue a judicial review of the Commissioner's final decision. It states, in relevant part, as follows:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. . . .

42 U.S.C. § 405(g). In other words, a district court has subject matter jurisdiction only when a plaintiff timely seeks judicial review of a final decision issued by the Commissioner. 42 U.S.C. §

405(g); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'" (quoting an earlier version of the statute).). The Commissioner has the authority to establish what constitutes a final decision. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). A final decision is generally considered to be a determination that an individual has pursued all steps of the administrative review process, such as a hearing by an administrative law judge and a discretionary review by the Appeals Council. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5) (2019).

Plaintiff indicates that he seeks judicial review of his denial of disability benefits. (Doc. 10 at 1.) However, Plaintiff has failed to provide any evidence that a final decision was issued in his case. (*See generally* Doc. 1-1.) In fact, it appears that Plaintiff has not exhausted his administrative remedies. Since only a final decision by the Commissioner can establish subject matter jurisdiction, the Court cannot proceed to adjudicate the case at this time.

If Plaintiff has indeed obtained a final decision from the Commissioner, then I recommend that he be granted leave to file a second amended complaint that provides additional details regarding when the Commissioner's final decision was issued and attaches a copy of the final decision.

**IV.     RECOMMEDATION**

Upon consideration of the foregoing, I respectfully recommend that:

1. The Motion to Dismiss (Doc. 11) be **GRANTED**;
2. The Amended Complaint (Doc. 10) be **DISMISSED** in its entirety; and
3. Plaintiff be **GRANTED** leave to file, within **30 days** of the adoption of this Report and Recommendation, a second amended complaint that establishes the existence of a final decision of the Commissioner of Social Security.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 27, 2020.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties